21-52-cr
*United States v. Accime*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
           JOSÉ A. CABRANES,
           DENNY CHIN,
                       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                   *Appellee*,

             v.                                                    21-52-cr

CHRISTOPHER ACCIME,

                   *Defendant-Appellant.*

_____

FOR APPELLEE:                          Derek Wikstrom & Stephen J. Ritchin,
                                       Assistant United States Attorneys, *for*
                                       Audrey Strauss, United States Attorney
                                       for the Southern District of New York,
                                       New York, NY.

**FOR DEFENDANT-APPELLANT:** Darrell Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment, entered October 27, 2020, by the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 27, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Christopher Accime challenges the District Court's imposition of a 30-month sentence of imprisonment after he pleaded guilty to two counts of distribution, and possession with intent to distribute, of mixtures and substances containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1] Accime argues that a 30-month sentence, which constitutes an upward variance from the 8-to-14-month range recommended by the Sentencing Guidelines, is unreasonable in light of the factors listed in 18 U.S.C. § 3553(a), and urges us to vacate the 30-month sentence and remand for purposes of resentencing.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's imposition of a criminal sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (describing the abuse-of-discretion standard). We evaluate the sentence imposed for "reasonableness," a concept which encompasses both "the procedures used to arrive at the sentence (procedural reasonableness) and . . . the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). Accime challenges his sentence only on substantive reasonableness grounds, arguing that the District Court's upward variance was "greater than necessary" to achieve the sentencing goals of Section 3553(a). 18 U.S.C. § 3553(a). As we have stated before, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*,

---

[1] The District Court also sentenced Accime to a term of three years' supervised release to follow his term of imprisonment and imposed a mandatory $200 special assessment, neither of which Accime challenges on appeal.

[2] Accime's plea agreement calculated the applicable range to be a 6-to-12-month sentence. The United States Probation Office, however, calculated the applicable range to be 8 to 14 months in its presentence report because it added one criminal history point for an "attempted petit larceny" conviction about which the United States Attorney's Office had been previously unaware. The District Court subsequently adopted the presentence report's factual findings without objection.

550 F.3d at 189 (internal quotation marks and emphasis omitted). Sentences are substantively unreasonable only when they "are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). This is not such a case.

It is true, as Accime points out, that the District Court imposed a term of imprisonment more than twice as long as the top of the applicable Sentencing Guidelines range. The District Court, however, substantiated that increased sentence by pointing to numerous factors, including the circumstances of Accime's two offenses. On two occasions, Accime sold drugs — what he claimed to believe to be heroin — to different individuals; it was later discovered that the drugs in both instances contained fentanyl. Both individuals overdosed, and the first died as a result.[3] As to the second victim, though Accime did call 911 after realizing that she had overdosed, the District Court noted that Accime attempted to "cover up" his role by claiming to the first responders who arrived to treat her that he did not know if the victim had ingested any narcotics. Moreover, the District Court noted that while Accime may have been unaware of the first victim's death at the time of the second offense, he certainly knew of the second victim's overdose and yet chose to continue selling drugs; in fact, he was apprehended less than two weeks after the second victim's overdose carrying 17 glassine envelopes of fentanyl and a book titled *Narco-Nomics: How to Run a Drug Cartel.*

While the District Court acknowledged mitigating factors — including Accime's "mental health issues" and addiction — it ultimately concluded that a within-guidelines sentence would fail to account for the seriousness of the offense and would be insufficient to provide adequate deterrence. App'x 69-70; *see also United States v. Waver*, 754 F. App'x 56, 58 (2d Cir. 2019) (summary order) (affirming a sentence of more than twice the high end of the Guidelines range when "the person that [the defendant] sold the drugs to ultimately died from consuming the drugs and . . . the drugs were laced with fentanyl"). Under the "totality of the circumstances," *Cavera*, 550 F.3d at 190, we cannot conclude that the 30-month sentence is "unsupportable as a matter of law" such that affirming the sentence "would damage the administration of justice," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

---

[3] The medical examiner who examined the first victim concluded that a cocktail of multiple drugs, including the fentanyl which Accime sold to the victim, caused her death, though the medical examiner was unable to pinpoint the fentanyl as the but-for cause of her death. Accordingly, Accime was not charged under the penalty enhancement provision of Section 841(b)(1)(C), which creates a mandatory 20-year minimum sentence for offenses resulting in "death or serious bodily injury." *See* 18 U.S.C. § 841(b)(1)(C); *see also Burrage v. United States*, 571 U.S. 204, 218 (2014) (holding that the penalty enhancement provision requires that the relevant drug use be a "but-for" cause of the death or injury).

## CONCLUSION

We have considered all of Accime's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the October 27, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk